IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSE L. HALL,

                                                                                     ORDER

                  Plaintiff,

                                                                                    10-cv-239-bbc

      v.

THE UNITED STATES OF AMERICA,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, plaintiff Jesse Hall contends that employees of defendant the United States of America committed medical negligence in violation of state law and exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Specifically, plaintiff alleges that staff at the Federal Correctional Institution in Forrest City, Arkansas failed to properly diagnose and treat his stomach cancer. Plaintiff is proceeding under the <u>in</u> <u>forma</u> <u>pauperis</u> statute, 28 U.S.C. § 1915, and has made an initial partial payment.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform

1

Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  After reviewing plaintiff's complaint, I conclude that it violates Fed. R. Civ. P. 8 because it does not contain enough information.  Therefore, I will give plaintiff an opportunity to file an amended complaint that provides more information about the particular federal employees who plaintiff contends were responsible for the allegedly negligent acts and constitutional violations that caused plaintiff's damages.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

At times relevant to this complaint, plaintiff Jesse Hall was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas.  In August 2006, plaintiff began experiencing severe stomach pain and blood in his stool.  Plaintiff complained to prison staff about his symptoms from August 2006 to early 2007.  In late January 2007, doctors diagnosed gastroesophageal reflux disease and gave him medication.  However, plaintiff's symptoms continued and he complained again to staff about severe pain and bleeding.  On

2

approximately March 13, 2007, staff gave plaintiff a blood test. On May 4, 2007, an outside consultation was ordered and plaintiff was transferred to a hospital on an emergency basis to receive treatment for gastrointestinal bleeding. On May 5, 2007, doctors diagnosed squamous cell carcinoma in plaintiff's stomach. Approximately ten days later, plaintiff underwent a surgical procedure for a sub-total gastroectomy in which a substantial portion of his stomach was removed. He has suffered permanent injury and disfigurement.

In May 2009, plaintiff filed an administrative claim with the "appropriate" federal agency regarding his medical treatment. The agency never responded to the claim.

## DISCUSSION

### A. Federal Tort Claims Act

The Federal Tort Claims Act (FTCA) provides a remedy for an individual seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government. 28 U.S.C. §§ 2671-2680. The coverage of the Act extends to federal prisoners, who may sue for injuries caused by the negligence of prison employees. United States v. Muniz, 374 U.S. 150, 150 (1963). Because a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," the substantive law of Arkansas governs plaintiff's claim for medical negligence. 28 U.S.C. § 1346(b); Gil v. Reed, 381 F.3d 649, 658 (7th Cir. 2004); Campbell v. United States, 904 F.2d 1188, 1191 (7th Cir. 1990).

3

Claims involving a medical care provider's failure to properly diagnose and treat medical needs, such as plaintiff's claim, fall under Arkansas' Medical Malpractice Act, Ark. Code. Ann. §§ 16-114-201 through 209 (1987). In order to sustain a claim for medical negligence under the Act, a plaintiff must allege "the applicable standard of care, the defendant's breach thereof, and that the defendant's breach proximately caused injury." Jones v. McGraw, 288 S.W.3d 623, 626 (2008) (citations omitted); Dodd v. Sparks Regional Medical Center, 204 S.W.3d 579, 583 (2005).

Plaintiff alleges that the medical staff at the Federal Correctional Institution in Forrest City, Arkansas was negligent for failing to recognize that he had serious medical needs and failing to provide proper treatment for those needs. He alleges that the medical staff's negligence caused his stomach cancer to go undiagnosed and untreated, resulting in serious pain, permanent injury and disfigurement and a shortened life expectancy.

The problem with plaintiff's complaint is that plaintiff fails to identify the particular federal employees who were negligent and each employees' specific negligent actions. Although the United States is the only proper defendant in a claim brought under the FTCA, 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008), plaintiff must still identify the particular employees of the United States who committed the allegedly negligent act in order to satisfy Fed. R. Civ. P. 8 and give defendant proper notice of the facts that form the basis of his claim. Plaintiff states that he complained to "staff" about his

4

medical problems, but he does not identify the persons to whom he complained and whether or how those persons responded to his complaints. Also, plaintiff states that he was "misdiagnosed," but does not state who gave him the incorrect diagnosis. Without knowing more details about the roles of individual staff members in the alleged negligent acts, it is difficult to determine whether the United States may be liable for negligent acts of its employees. Because this deficiency in plaintiff's complaint may be remedied, I will give plaintiff an opportunity to file an amended complaint that identifies the particular people and specific negligent actions that form the basis of his claim. If plaintiff does not know the name of a particular individual, he should identify the individual as "John Doe" or "Jane Doe" and detail their involvement in plaintiff's medical care. This will help the court to determine whether plaintiff has stated a claim for medical negligence.

B. Eighth Amendment Claim

Plaintiff also contends that defendant violated his rights under the Eighth Amendment by exhibiting deliberate indifference to his serious medical needs. Under the Eighth Amendment, prison officials have a duty to provide medical care to those being punished by incarceration. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious

medical need" and that prison officials were "deliberately indifferent" to this need. Estelle, 429 U.S. at 104; Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996) or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim under the Eighth Amendment has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendant know that plaintiff needed treatment?

(3) Despite defendant's awareness of the need, did defendant fail to take reasonable measures to provide the necessary treatment?

Plaintiff's severe stomach pain and gastrointestinal bleeding qualify as serious medical needs that required treatment, and thus, plaintiff has satisfied the first element of his Eighth

Amendment claim. However, plaintiff has not alleged sufficient facts to satisfy the remaining two elements. Claims brought under Bivens, 403 U.S. 388, are claims against individuals who are personally responsible for the constitutional violations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) (explaining that plaintiff in Bivens action must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The problem with plaintiff's Eighth Amendment claim is that he fails to identify particular people who knew that plaintiff needed medical treatment and who failed to take reasonable measures to provide the necessary treatment. I will give plaintiff an opportunity to file an amended complaint in which he identifies the particular members of the prison and medical staff who were responsibly for the alleged constitutional violation. As with plaintiff's medical negligence claim, if plaintiff does not know the name of a particular defendant, he should call that defendant "John Doe" or "Jane Doe" and identify what each person's involvement in the alleged violations was. Each John or Jane Doe should be identified by number, (for example, "John Doe #1," "John Doe #2" and so on), and plaintiff should add these defendants to the caption of the complaint. Plaintiff should insure that any "John Doe" or "Jane Doe" identified in the context of his Eight Amendment claim is consistent with any identified in the context of his medical negligence claim.

ORDER

IT IS ORDERED that plaintiff Jesse Hall's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until August 17, 2010, to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 1st day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge